IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41551
Summary Calendar
_____

STEVE GIFFORD,

Plaintiff-Appellant,

versus

LONE STAR STEEL CO.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(2:96-CV-76)
_____

January 25, 1999

Before REAVLEY, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Steve Gifford appeals the summary judgment for his former employer Lone Star Steel

Company in Gifford's age discrimination suit pursuant to the Age Discrimination in Employment

Act ("ADEA"), 29 U.S.C. §§ 621-634 (1998), and the Texas Commission on Human Rights Act

("TCHRA"), TEX. LABOR CODE ANN. §§ 21.001-.405 (West 1996 & Supp. 1999).  The issue in

this appeal is whether Gifford has raised a genuine issue of material fact as to whether Lone Star

Steel's proffered reason for terminating and not transferring Gifford as part of its reduction in

force ("RIF") was merely a pretext for age discrimination.  The district court held that Gifford

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

failed to create a genuine factual issue as to (1) whether Lone Star's stated reasons were false and (2) whether age discrimination was the real reason for Gifford's termination. After reviewing the summary judgment record, the briefs, and the relevant authorities, we affirm the summary judgment for Lone Star Steel Company, essentially for the reasons stated in the district court's thorough memorandum opinion. *See Gifford v. Lone Star Steel Co.*, No. 2:96-CV-0076 (E.D. Tex. Nov. 26, 1997).

The affidavits and deposition testimony presented do not raise a genuine issue of material fact as to (1) whether Lone Star Steel's stated reasons for Gifford's termination were false and (2) whether age discrimination was the real reason for Gifford's termination. *See Walton v. Bisco Indus.*, 119 F.3d 368, 370 (5th Cir. 1997). First, the opinion evidence criticizing Lone Star's determination that threading experience was an important and necessary qualification for finishing foremen who were retained after the reduction in force is not sufficient to rebut Lone Star's proffered nondiscriminatory reason for terminating Gifford. As we have previously stated, "The ADEA was not intended to be a vehicle for judicial second-guessing of business decisions, nor was it intended to transform the courts into personnel managers." *Thornbrough v. Columbus & Greenville R.R.*, 760 F.2d 633, 647 (5th Cir. 1985), *overruled on other grounds by St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993); *see also Walton*, 119 F.3d at 372 (rejecting plaintiff's criticism that her employer should have demoted rather than terminate her); *Davis v. First Nat'l Bank*, 976 F.2d 944, 949-50 (5th Cir. 1992) (holding that former bank employee failed to rebut employer's proffered nondiscriminatory reason for termination—that plaintiff failed to adapt to the new policies and procedures implemented by new management—where plaintiff attempted to justify his admitted failure by criticizing the new procedures). Although Gifford may have had more total years of experience at the company than younger foremen who were retained, Gifford admits that he had no experience threading pipe or supervising threading operations, a criteria deemed critical to Lone Star. Additionally, the assertions of Gifford and his co-workers that Gifford was better qualified than Rice due to his

2

broader experience in the company and should have been transferred to the foreman position in the welding department are not sufficient to rebut Lone Star's assertion that Rice was transferred because he had a degree in engineering and the welding manager specifically requested Rice to assist with trouble-shooting in that department. On this record, a reasonable jury could not conclude that Lone Star's proffered reasons for Gifford's termination were false.

Second, even if Gifford had successfully satisfied the first prong of the *Walton* test, he has failed to raise a genuine factual issue as to whether age discrimination was the real reason for his termination. The alleged comments by Wingrove that Gifford should be "out fishing instead of working" or "retired and out fishing," and that Gifford could call his termination "being retired, or fired, or a reduction in workforce, it really doesn't matter, you can call it anything you want," were no more than "stray remarks" that are not sufficiently probative of discriminatory intent for a reasonable jury to conclude that age discrimination was the real reason for Gifford's termination. *See, e.g.*, *Waggoner v. City of Garland*, 987 F.2d 1160, 1166 (5th Cir. 1993) (holding that supervisor's remark that a younger person could do faster work and reference to the plaintiff as an "old fart" were stray remarks, insufficient to establish age discrimination); *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996) (holding that personnel director's remark while explaining the decision to terminate the plaintiff that "it's just that you've reached that age and years of service that we can bridge you to retirement" was a stray remark and not probative of whether the employer's decision to terminate the plaintiff was motivated by age discrimination). This conclusion is bolstered by the fact that Lone Star retained at least one foreman older than Gifford in the welding department and discharged younger foremen, unprotected by ADEA, as part of the RIF.

Because we conclude that summary judgment for Lone Star Steel Company was proper, Gifford's second point of error regarding the district court's denial of his request for a jury trial is moot.

AFFIRMED.

3